By the Court, Bronson, J.
It has been said that a pardon takes away the guilt, as well as the punishment of the offence. (Cuddington v. Wilkins, Hob. R. 67, 81; Stark. On Stand. 180.) But this is neither sound law nor good morals. Pardon removes the legal infamy of the crime, so that the offender will be a competent witness; but it cannot take away guilt, or wash out the moral stain. Pardon does not even restore the compe *197 tency of the offender as a witness, where the conviction is for perjury. (2 R. S. 681, § 1.) And although in other cases competency is restored by the pardon, the crime still goes to the credit of the witness. (1 Phil. Ev. 35; 1 Stark. Ev 100, ed. of ’42.) And it is said that no credit is due to him, unless his testimony is corroborated by others, or by the circumstances of the case. (United States v. Tom Jones, 2 Wheel. Cr. Cas. 451.) In Browne v. Crashaw, (2 Bulst. 154,) Lord Coke, C. 3. said, it appears by 11 H. 4. fol. 41, b., that if one be attainted of felony, and pardoned, he shall not afterwards be sworn of a jury, for that he is not probus et legalis homo, fox.poena mori potest, culpa perennis erit, and therefore such a one shall not be sworn of an inquest. There is certainly much reason for saying, that although the penalty may be removed, the fault will still remain; and therefore the chief justice was quite consistent when he held in the same case that a pardoned felon was not a competent witness. But that doctrine has been since overruled. Hále says, the pardon does not always make the man honest, and therefore he shall not be a juryman. (2 Hale's P. C. 278.) Blackstone says, the effect of the pardon is to make the offender a new man; to acquit him of all corporeal penalties and forfeitures; and not so much to restore his former as to give him a new credit and capacity. (4 Com. 402.) And to the same effect is Deming’s case, (10 John. R. 232, 483.) In Boston v. Tatam, (Cro. Jac. 623,) the words spoken were, “ He was a thief, and stole my gold,” and, after verdict for the plaintiff, it was moved in arrest of judgment that the time to which the words related might be before the late general pardon, and so no loss or scandal could happen to the plaintiff. But the court answered, that it was “ a great slander to be once a thief; for although a pardon may discharge him of the punishment, yet the scandal of the offence remains.”
Pardon takes away the penalty directly annexed to the of-fence ; but it does very little towards removing the other consequences which result from the crime. Where the attainder works corruption of blood, it is not restored by the king’s charter of pardon. (1 Hale's P. C. 358 ; Co. Litt. 391 b ; Ba *198 con’s Abr., Pardon (H), 7th Lond, ed.) A sentence to the state prison for life works the civil death of the party, and a pardon will not restore his marital rights, or entitle him to the guardianship of his children. If his property has been sold in the course of administration, he cannot reclaim it, nor can he defeat the estate vested in his heirs in consequence of his civil death. (2 R. S. 139, § 5, 7; Matter of Deming, 10 John. R. 232, 483.) These are some of the consequences of the conviction, which must remain notwithstanding the pardon. I do not see how it is possible to deny a further consequence, to wit, that any one may with entire legal impunity say to the offender, “You was guilty of, or did commit the offence.” Such words will be just as true after, as they were before the pardon; and in the action of slander, the truth of the charge is always a complete justification, though it is otherwise in criminal prosecutions for libel.
Bacon says, it seems agreed that a pardon of treason or felony, even after an attainder, so far clears the party from the infamy and all other consequences thereof, that he may have an action against any who shall afterwards call him traitor or felon; for the pardon makes him as it were a new man. (Bacon’s Abr., Pardon (H).) And to the same effect is Hawk. b. 2, c. 37, § 48, Curwood’s ed. To call one a traitor or felon may imply that he is such at the time the words are spoken, and then proof of a former treason or felony which has been pardoned will not meet the charge. But to say that one was a traitor, pointing to the time of the treason, cannot, I think, be actionable, although the offence has been pardoned. The case relied on in support of the opposite doctrine is Cuddington v. Wilkins, (Hob. R. 67, 81.) The words were, “ He is a thief, and why will you take his part.” This was in the 13 Jac. The defendant pleaded that in the 36 Eliz. the plaintiff did steal six sheep. The plaintiff replied the general pardon 7 Jac.; and on demurrer, judgment was given in his favor. It will be observed that the words were spoken in the present tense, and without any reference to the larceny of more than twenty years’ standing on which the defendant relied for his justification. *199 The charge would be understood as imputing a more recent of-fence, and one which had been committed within the six years which had elapsed since the pardon. It affected the plaintiff in his new character, and on that ground it may have been very proper to overrule the justification. And although there are some dicta in the case which favor the present action, the court plainly admitted the distinction which has been mentioned. They said, “he could no more call him thief, in the present tense, than to say a man hath the pox or is a villain, after he be cured or manumitted; but that he had been a thief or villain he might say.” This case is also reported in several other books, but no where else so fully as in Hobart. (Moore, 863; Brownl. & Gold. 10; Owen, 150; 1 Roll. Ab. 87, pl. 6.) The case of Harris v.-, (T. Ray. 23,) only proves that a pardon must be pleaded.
Now here, the defendant did not say to the plaintiff “You are a thief;” nor was any thing said from which it could fairly be inferred that he intended to charge the plaintiff with having stolen an axe at any time after the pardon. The conversation plainly pointed back to the stealing of the axe from Loyd. The pleadings admit the charge to be trae, and I do not see how it is possible for the plaintiff to maintain the action. The pardon has taken away the penalty annexed to the crime; but it has not destroyed the fact that the crime was committed.
It is not without some regret that I have arrived at this conclusion ; for it appears by the declaration that the plaintiff has so far retrieved his character that he has been made one of the inspectors of elections for the town in which he resides. This proves that he enjoys the good opinion of his neighbors, and it was a malicious thing on the part of the defendant to open this old sore. But our laws allow a man to speak the truth, although it be done maliciously.
Judgment affirmed.